13-2517-cv
Robinson v. H&R Block Bank, FSB

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11th day of April, two thousand fourteen.

PRESENT: AMALYA L. KEARSE,
         DENNIS JACOBS,
         GERARD E. LYNCH,
                    <u>Circuit Judges</u>.

- - - - - - - - - - - - - - - - - - - -X

MICHAEL G. ROBINSON, MICHELLE ROBINSON,

    <u>Plaintiffs-Appellants</u>,

    -v.-                              No. 13-2517-cv

H&R BLOCK BANK, FSB, SAND CANYON CORPORATION, FKA OPTION ONE MORTGAGE CORPORATION, MELISSA HIVELY,

    <u>Defendants-Appellees</u>.
- - - - - - - - - - - - - - - - - - - -X

FOR PLAINTIFFS-APPELLANTS:      MICHAEL G. ROBINSON & MICHELLE ROBINSON, <u>pro se</u>, Brooklyn, NY.

1

**FOR DEFENDANT-APPELLEE H&R BLOCK BANK, FSB:**

STEVEN GERBER, Gonzalez Saggio & Harlan LLP, New York, NY.

**FOR DEFENDANTS-APPELLEES SAND CANYON CORPORATION, FKA OPTION ONE MORTGAGE CORPORATION, & MELISSA HIVELY:**

MICHAEL J. SIRIS, Solomon & Siris, P.C., Garden City, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Gold, M.J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment be **AFFIRMED.**

Michael and Michelle Robinson, pro se, appeal from a judgment dismissing their fraud and unjust enrichment claims and request for declaratory relief in connection with a mortgage on their property. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review an order granting summary judgment de novo, and ask whether the district court properly concluded that there were no genuine issues of material fact and that the moving party was entitled to judgment as a matter of law. See Feingold v. New York, 366 F.3d 138, 148 (2d Cir. 2004). "In determining whether there are genuine issues of material fact, we are required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." Id. (internal quotation marks omitted). However, reliance upon conclusory statements or mere allegations is insufficient to resist summary judgment. See Ying Jing Gan v. City of New York, 996 F.2d 522, 532-33 (2d Cir. 1993). After an independent review of the record and relevant case law, we affirm for substantially the same reasons stated by the district court in its May 29, 2013 order.

        We have considered all of the Robinsons' arguments and conclude that they are without merit.  The judgment of the district court is hereby affirmed.

                                        FOR THE COURT:
                                        CATHERINE O'HAGAN WOLFE, CLERK